IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:03CR3014-6 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| ADIL GASIM AL-DABBI, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court for initial review of a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence of the defendant, Adil Gasim Al-Dabbi (filing 387).[1] The defendant was found guilty of conspiracy to distribute cocaine base (crack cocaine) and, on December 9, 2003, was sentenced to a term of 292 months' imprisonment, followed by a 5-year term of supervised release. The defendant now claims (1) that he was denied effective assistance of counsel and (2) that supervised release was not authorized by statute and is unconstitutional.[2]

---

  [1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

  [2] On May 8, 2008, the defendant filed a separate motion to reduce his sentence pursuant to the retroactive amendments to the crack cocaine Sentencing Guidelines. (Filing 391.) That motion is not affected by this Memorandum and Order.

The defendant's conviction was affirmed by the United States Court of Appeals for the Eighth Circuit on November 12, 2004, but a petition for writ of certiorari was granted by the United States Supreme Court on October 31, 2005, and the case was remanded to the Court of Appeals for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). The Court of Appeals reinstated its former opinion and affirmed the defendant's sentence on August 10, 2006. A second petition for writ of certiorari was denied by the Supreme Court on January 8, 2007. (Filing 363.) The defendant's § 2255 motion was signed on April 7, 2008, and was filed in this court on April 14, 2008.

Section 2255 contains a one-year limitations period. The period begins to run for the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, the limitations period began to run, at the latest, on January 8, 2007, when the Supreme Court denied the defendant's second petition for writ of

2

certiorari and his conviction thereby became final.[3] *See* [United States v. McIntosh, 332 F.3d 550, 550 (8th Cir. 2003)](#) (Supreme Court's denial of ceriorari fixes point of finality of conviction). Because the defendant's § 2255 motion was not filed within one year after that date, it must be denied as time-barred.

Accordingly,

IT IS ORDERED that:

1. Defendant's § 2255 motion ([filing 387](#)) is denied; and

2. Judgment shall be entered by separate document.

May 27, 2008.                                         BY THE COURT:

                                                      s/ *Richard G. Kopf*
                                                      United States District Judge

---

[3] There is no allegation that governmental action prevented or impeded the defendant from filing his § 2255 motion. The defendant raises no claim based on any newly recognized right that is retroactively applicable on collateral review. Finally, his motion is not based on newly discovered information.